IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEDIDIAH SCHULZ a/k/a VALENTINO SATOSHI VANDERBILT,<br><br>      Petitioner,<br>vs.<br><br>JEREMIAH PETERSON,<br><br>      Respondent. | Cause No. CV 24-26-M-DWM<br><br>ORDER |

Petitioner Jedidiah Schulz ("Schulz"), aka Valentino Satoshi Vanderbilt, a pretrial detainee incarcerated at the Missoula County Detention Center, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 3.)

**BACKGROUND**

Schulz was arrested on January 16, 2024, in Montana on a bench warrant issued out of Blythe, Riverside County, California. (Doc. 3 at 6, 7); *see also* (Doc. 1 at 2.) One of the arresting agencies was the Montana Highway Patrol. During the course of the arrest Schulz alleges excessive force was used against him by Trooper Steven Larson. (Doc. 3 at 1, 6.) As a result of Trooper Larson's conduct, Schulz claims he suffered injuries, including a concussion, broken rib, and abrasions to his body. (*Id.* at 6.) Schulz alleges he was compliant and offered no

1

resistance to the arrest. (*Id.*) Schulz states that during his transport to the Missoula County Detention Facility, he made "hyperbolic statements" which were recorded by Trooper Larson's vehicle camera. Although Schulz acknowledges he cannot recall exactly what he said, he asserts his intent was to demonstrate the effect of his injuries and establish his belief that Trooper Larson would retaliate against his exercise of free speech by claiming he felt threatened and recommending that charges be filed against Schulz. (*Id.*) Schulz claims this is exactly what happened as he is now charged in state court with Threats in Official and Political Matters, *see* Mont. Code Ann. § 45–7–102. He is being held on a $250,000 bond on the state charge, in addition to the fugitive warrant from California. (*Id.* at 6-7.)[1]

Schulz claims that since his arrest, he was held in solitary confinement without being provided competent counsel to represent him. (*Id.*) He believes state district court judge, Hon. John Larson, has engaged in collusion with Trooper Larson to keep him incarcerated. (*Id.* at 7.) Schulz alleges Judge Larson has acted "unilaterally" to vacate hearings, impose an unreasonable bail amount, and illegally order that Schulz be evaluated at the Montana State Hospital. (*Id.*)

Schulz asks this court to "dismiss all charges and overturn all unilateral orders or decisions" made by Judge Larson and release him from detention. (*Id.*)

---

[1] *See also* Missoula County Inmate Jail Roster: https://webapps.missoulacounty.us/jailroster/Charges (accessed March 20, 2024).

Schulz explains that upon release he will return to Blythe, California, to address the outstanding warrant and pending charges. (*Id.*)

## ANALYSIS

As an initial matter, Schulz is advised that this Court can only consider purported errors of federal law and does not sit in direct review of state matters. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions."). Thus, even if Schulz believes the State of Montana has erroneously charged him or that Judge Larson erred by imposing bond and ordering a competency evaluation, those claims involve the application of state law and are not proper or cognizable grounds for relief in a federal habeas corpus proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas). Accordingly, this Court cannot vacate orders entered in a state court or order dismissal of pending charges.

Section 2241 of Title 28 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas

authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004)). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68–74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Schulz acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are ongoing. The Court has independently reviewed the docket from his state criminal proceedings, *see Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (proceedings, orders, and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue), and has confirmed that the matter is in its initial stages. Additionally, to the extent that Schulz attempts to challenge the actions of Judge Larson, it appears his case was recently transferred to Hon. Jason Marks.[2] Further, Schulz has not attempted to challenge his detention in any fashion within the state court system. (Doc. 3 at 2, 6-7.) Thus, to the extent that Schulz could present a cognizable claim, such claim is unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Schulz's disagreement with the course of his state proceedings and conclusory allegations in support thereof, are not the type of

---

[2] *See State v. Vanderbilt*, Cause No. DC-24-44, Filing # 11.0 & 11.1. A copy of the state court docket sheet is attached to this Order as an exhibit.

unusual circumstances that might justify an exception to *Younger* abstention. Schulz may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal.

Schulz has not exhausted his state court remedies and his situation does not involve an adequately "unusual" circumstance. His § 2241 petition is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Schulz attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Further, as plead, the claims are not cognizable in federal habeas. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, the Court enters the following:

## ORDER

1. Schulz's Amended Petition (Doc. 3) is DISMISSED without prejudice.

2. The Clerk of Court is directed to file a copy of the state court docket in *State v. Vanderbilt*, Cause No. DC-24-44, as an exhibit to this Order.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 26th day of March, 2024.

_____  15:53 P.M.
Donald W. Molloy, District Judge
United States District Court